[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford. Docket No. 54830; 54831; 54832.
Kenneth Simon, Asst. Public Defender, for Petitioner.
John M. Bailey, State's Attorney for Hartford/New Britain, J.D. for the State.
SENTENCES AFFIRMED.
BY THE DIVISION: The petitioner was convicted after a trial by jury in Dockets Number 54831 and 54830, as follows:
DOCKET NUMBER 54830:
 First Count: Criminal Attempt to Commit Murder (Conn. Gen. Stat. Sec. 53a-49 (a)(2) and 53a-54a(a).
 Third Count: Assault, Second Degree (Conn. Gen. Stat. 53a-60 (a)(2).
 Fourth Count: Assault, Second Degree (Conn. Gen. Stat. Sec. 53a-60 (a)(2).
 Fifth Count: Carrying a Pistol Without a Permit (Conn. Gen. Stat. Sec. 29-35 (a).
He was sentenced to twenty (20) years on the charge of Criminal Attempt to Commit Murder and received a five (5) year concurrent sentence on each of the remaining counts.
DOCKET NUMBER 54831: Manslaughter, First Degree (Conn. Gen. CT Page 1050 Stat. Sec. 53a-55 (a)(1).
He received a sentence of twenty (20) years in this file. (The charges in both files were tried together and the sentences were imposed at the same time). The effective sentence of twenty (20) years imposed in Docket Number 54830 was imposed to run consecutively to the twenty (20) year sentence in Docket Number 54831, thus the total effective sentence imposed in the aforesaid two files was forty (40) years.
The petitioner was subsequently tried by a jury in Docket Number 54832, and in that file was convicted as follows:
 First Count: Attempted Assault First Degree (Conn. Gen. Stat. Sec. 53a-49 (a)(2) and 53a-59 (a)(1).
 Second Count: Attempted Assault on a Peace Officer (Conn. Gen. Stat. Sec. 53a-49 (a)(2) and 53a-167c(a)(1)).
 Third Count: Carrying a Pistol Without a Permit (Conn. Gen. Stat. Sec. 29-35).
 Fourth Count: Interfering With a Police Officer (Conn. Gen. Stat. Sec. 53a-167a(a).
In this file, the petitioner was sentenced to twenty (20) years for the Attempted Assault, First Degree, and received concurrent sentences of ten (10) years on the charge of Attempted Assault on a Peace Officer; five (5) years on the charge of Carrying a Pistol Without a Permit, and one (1) year on the charge of Interferring with a Police Officer. The effective sentence of twenty (20) years in this file was, however, imposed to run consecutively to the sentences which he was then serving in connection with Docket Number 54831 and 54830.
(Following his sentencing in Docket Number 54832, the petitioner pleaded guilty to other offenses and received an additional ten (10) year consecutive sentence, although this most recent sentence is not before the Division for review.)
The charges in Docket Number 54830 and 54831 arose out of an incident on April 11, 1988 when the petitioner shot one victim in the head, killing him, and shot a second victim in the arm. The second victim fled and was chased by the petitioner, who again shot him in the arm when he had fallen as a result of the initial wounding. CT Page 1051
The petitioner fled the area for a time, but his identity was known to the police and he was wanted by them. On September 6, 1988 at approximately 1:24 A.M. in the area of Keeny Park, the police tried to arrest the petitioner. The petitioner, who was armed with a pistol fired or attempted to fire his weapon at the officer.
That the petitioner, despite the fact that he had no criminal record prior to these shootings, is a dangerous person, is evident. Whether it is because of his use of cocaine, or jealousy of his girl friend's involvement with the wounded victim as his attorney suggests, an innocent life was taken and the petitioner was willing to commit additional serious felonies to avoid prosecution for his initial crimes.
Although both sentencing judges were cognizant of the petitioner's potential for violence and the danger he posed to others, neither judge imposed the maximum penalties for the convictions. In the earlier matters the Court specifically commented on the petitioner's favorable record and employment history and weighed the positive factors into the sentencing equation.
The Division finds that given the nature of the offenses, the character of the petitioner, the need for public protection and the deterrent, confinement and rehabilitative purposes of a sentence, the sentences imposed in these matters were not inappropriate or disproportionately harsh.
They are affirmed.
KLACZAK, J. BARRY, J.
Klaczak, J. and Barry, J. participated in this decision. (Petitioner consented to a panel of two judges).